PER CURIAM.
In this workers’ compensation case, the Employer/Carrier (E/C) challenges an order of the Judge of Compensation Claims (JCC) to the extent it awards temporary partial disability (TPD) benefits for the period of May 3, 2013, through July 2, 2013. Because the Employer had fired Claimant on December 19, 2012, the E/C argues that the JCC erred in, inter alia, declining to determine whether Claimant had been discharged for misconduct, given that section 440.15(4)(e), Florida Statutes (2012), unequivocally provides that TPD benefits are not payable if termination is based on misconduct. We agree with the E/C here and remand for a finding on whether Claimant was terminated for misconduct.
As background, Claimant, a driver, suffered a compensable injury on November 9, 2012, when the door of his truck cab slammed into his left side. Subsequently he was restricted to light duty work, and to accommodate his work restrictions, the Employer offered him his regular hours and regular rate of pay to come in to the office to watch safety training videos. Claimant watched the videos for part of two nonconsecutive days and then stopped coming to work. On at least one day of absence, he did not call in as required by a company policy that indicated “no-call no show” could result in termination. The Employer considered Claimant’s absences to be unauthorized and terminated him for that reason.
*583 The JCC stated in the final order that his award of TPD benefits “would be the same [even] if [he] determined the claimant was terminated for ‘misconduct’ as defined by section 440.02(18).” This statement is not accurate, because, again, termination for misconduct statutorily precludes an award of TPD benefits. Given that the B/C raised a dispositive defense based on an allegation of statutory misconduct, the JCC erred in not reaching the issue of whether Claimant’s conduct rose to the level of misconduct as defined by section 440.02(18), Florida Statutes (2012). Thus, we REVERSE and REMAND for a finding of whether Claimant was discharged for statutory misconduct and entry of an order accordingly.
LEWIS, C.J., WOLF and MAEAR, JJ., concur.